UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

SCHERBER COMPANIES LLC                        No. 0:19-cv-02407-DWF-KMM

    Plaintiff,

v.                                                                              **ORDER**

T. SCHERBER DEMOLITION &
EXCAVATING L.L.C.,

    Defendant.

The Court has been made aware that the Defendant, T. Scherber Demolition & Excavating LLC ("TSDE"), has terminated the representation of its counsel, Emeric Dwyer, Francis Rondoni, and Jeffrey O'Brien of the law firm Chestnut Cambronne PA. Having been so notified, the Court issues the following Case Management Order.

*Motion to Withdraw*

The Minnesota Rules of Professional Conduct ("MPRC") govern attorneys who practice before this Court. D. Minn. LR 83.6(a). The MPRC requires counsel to withdraw from representation in certain circumstances. Minn. R. Prof. Conduct 1.16(a). For example, an attorney must withdraw from representation of a client if "the lawyer is discharged." *Id.* 1.16(a)(3).

Withdrawal of counsel is also governed by Local Rule 83.7. Under this Local Rule, attorneys may withdraw merely by filing a notice if there are other attorneys of record who will continue representing the party. D. Minn. LR 83.7(a). Attorneys may also withdraw by notice and substitution if they will be replaced by another attorney and if the timing of the withdrawal will not delay the trial. D. Minn. LR 83.7(b). Finally, attorneys may withdraw without

substitution of counsel, leaving a party unrepresented, only by filing a motion showing good cause and after notifying the client of the motion. D. Minn. LR 83.7(c).

Here, TSDE appears to have discharged its counsel. If it is in fact the case that counsel has been terminated, defense counsel are required to seek to withdraw from representation under Minn. R. Prof. Conduct 1.16(a)(3). They must do so by motion pursuant to Local Rule 83.7(c), unless TSDE has obtained substitute counsel.[1] To avoid unnecessary delays, defense counsel shall file a motion to withdraw from representation that fully complies with Local Rule 83.7(c) **within 10 days of the date of this Order**.

*Plaintiff's Email Request*

Ruth Rivard, counsel for the plaintiff, Scherber Companies, LLC, has e-mailed the Court raising several concerns about an e-mail she and her co-counsel received from TSDE's principals, Trevor and Missy Scherber. The communication from Mr. and Ms. Scherber attached a letter and an e-mail that were originally sent to the Court without copying opposing counsel or TSDE's own lawyers from Chestnut Cambronne. The Court instructed Mr. and Ms. Scherber, who are non-attorneys and likely unfamiliar with litigation norms, that they could not communicate directly with the Court about their case without copying opposing counsel, and the

---

[1] Because TSDE is a limited liability company, it cannot appear pro se in this litigation, even through party representatives who are its sole owners or members. Limited liability companies, like corporations, can only appear in federal court through counsel. *Equal Employment Opportunity Commission v. Leiferman Enterprises, LLC*, Civil No. 06-3841 (JNE/JJG), 2007 WL 9735090, at *1 (D. Minn. Mar. 23, 2007) (citing cases providing that a corporation cannot proceed pro se, that a layperson may not represent a corporation in judicial proceedings even if the individual is the company's sole owner or shareholder, and that the "same rule applies to partnerships and other unincorporated organizations"). Immediate withdrawal of legal representation by Chestnut Cambronne would leave TSDE without any legal representation, potentially subjecting it to default and, upon motion, a default judgment in favor of the Plaintiff. *Radisson Hotels Int'l, Inc. v. Kaanam, LLC*, Civ. No. 09-1575 (JMR/JJK), 2010 WL 11646703, at *1 (D. Minn. Feb. 22, 2010). If the anticipated motion to withdraw is granted, the Court urges TSDE to obtain substitute counsel.

Court advised that any future communication, unless expressly permitted, needed to include opposing counsel and, until they are no longer a part of the case, TSDE's own lawyers. The Court will not consider any matters raised in the previously e-mailed communication. Therefore, Ms. Rivard's concern regarding the impropriety of ex parte communications has already been addressed by the Court.

Further, Ms. Rivard expresses concern that she is prohibited from communicating directly with TSDE at this time because Chestnut Cambronne has not yet moved to withdraw from the case. This Order requiring the prompt filing of a motion to withdraw addresses this concern. Once such a motion is ruled upon by the Court, Ms. Rivard will have more clarity about whether direct communication with TSDE is permissible under the ethical rules.

Next, Ms. Rivard states that "it … appears that the defendant has waived attorney client privilege for the communications revealed in this email." Absent briefing or a formal motion, the Court declines to address any such claim of waiver at this time. It is the Court's sincere hope, for the sake of all parties involved, that expensive motion practice around this issue can be avoided if at all possible.

Finally, Ms. Rivard indicates that it is unclear how she should respond on Scherber Companies' behalf because Mr. and Ms. Scherber's e-mail "seems to fall outside of the rules," and she requests guidance on how the Court would like plaintiff's counsel to proceed. The Court acknowledges that these circumstances are uncommon and that Ms. Rivard's request for guidance is reasonable. All parties and counsel are advised that because the materials were submitted ex parte without the senders' full appreciation of the rules governing communications with the Court and because the Court has instructed Mr. and Ms. Scherber that ex parte communications are not permitted, the Court will not be considering the substantive allegations

they have made regarding the plaintiff in connection with the upcoming motion to withdraw or in any other context in this proceeding. If this assurance and the Court's admonition to TSDE regarding the proper way to communicate with the Court are insufficient to allay Ms. Rivard's and her colleagues' concerns, counsel should make an appropriate motion after attempting to resolve the issues through meeting and conferring with their opponent in the litigation.

    **IT IS SO ORDERED**.

Date: April 10, 2020                             *s/Katherine Menendez*
                                                         Katherine Menendez
                                                         United States Magistrate Judge